28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie Foster SELLERS, Plaintiff/Appellant,
v.
UNITED STATES of America, et al., Defendants/Appellees.
 No. 93-1780.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 21, 1994.*
Decided May 25, 1994.
Rehearing Denied July 21, 1994.
 
 Before FAIRCHILD, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Willie Foster Sellers filed a complaint pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), in which he alleged that prison officials stole or lost items of his personal property in the aftermath of the "lockdown" at Marion Penitentiary. The district court substituted the United States as a defendant and converted the case to one under the Federal Tort Claims Act. After a bench trial, pursuant to 28 U.S.C. Sec. 636(c), the magistrate judge awarded compensation for some of the items. Sellers appealed, and this court remanded to the district court for further proceedings with respect to the law books, both against the United States and the individual defendants. Sellers v. United States, 902 F.2d 598 (7th Cir.1990).
 
 
 2
 The magistrate judge addressed the Bivens and the tort claims in separate proceedings. On February 13, 1991, the magistrate judge ordered judgment on behalf of the United States on the tort action but did not make it final under Rule 54(b) of the Federal Rules of Civil Procedure. Sellers attempted to appeal, but we dismissed the appeal for failure to pay the docketing fee. Appeal No. 91-1817. On January 26, 1993, the magistrate judge dismissed Seller's due process claim against the four individual prison officials and granted summary judgment in favor of the prison officials on the Eighth Amendment claim. This judgment disposed of all the claims and was final. Sellers appeals "the order filed February 13, 1991" and the order granting summary judgment filed January 26, 1993.
 
 
 3
 Although Sellers' appeal from the order of February 13, 1991, was dismissed for failure to pay the docketing fee, we did not have jurisdiction to consider the appeal at that time because it was not a final order. Cf.Fed.R.Civ.P. 54(b). We may now consider the appeal. When we remanded this case to the district court, we directed the court to make findings regarding the law books. Upon review we have determined that the district court's findings are lacking in particularity. While the district court concluded that the books were not lost, misplaced or destroyed while in the possession of the United States, the underlying factual basis for this finding is not apparent. Therefore, we REMAND for more thorough findings concerning the law books.
 
 
 4
 Sellers also argues that remand is necessary on the Bivens claims because defendant Miller was never served. The district court found that Miller appeared and he joined in the motion to dismiss or for summary judgment, thereby waiving any service deficiency. Fed.R.Civ.P. 12(h). However, in a subsequent motion the defendants' attorney acknowledged that he had inadvertently made an appearance on Miller's behalf. In fact Miller had not been served and there had not been any communication between him and the defendants' attorney. We order that on remand Miller's name be stricken from the judgment for deficiency of service and dismissed without prejudice.
 
 
 5
 In response to the defendants' motion for summary judgment, Sellers sought a continuance, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, so he could have additional time for discovery. The district court determined that he had had fifteen months to conduct discovery. Sellers argues that he did not know that the defendants had been served until December 10, 1992, and that he was unable to conduct discovery until so notified. The record indicates that service was executed on all the defendants except Miller in August and September of 1991. This information was on the docket sheet and available to Sellers. If the defendants had not been served within 120 days, the complaint would have been dismissed; Sellers should have taken it upon himself to investigate whether service had occurred. The district court did not abuse its discretion in denying the request for additional time to conduct discovery. See Federal Deposit Ins. Corp. v. American Casualty Co., 998 F.2d 404, 411 (7th Cir.1993) (denial of Rule 56(f) motion reviewed for abuse of discretion). We also find that the district court properly dismissed the due process claim and granted summary judgment to the defendants on the Eighth Amendment claim.
 
 
 6
 We REMAND to the district court for proceedings consistent with this order and AFFIRM in all other respects.
 
 
 
 *
 After preliminary examination of the briefs, the court notifed the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs